UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| STEVEN DAVIS, Individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> PASA PARCEL, LLC and PATRICK BOONE, <br><br> *Defendants.* | § § § § § § § § § § § § § § § Civil Action No. _____ <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Steven Davis ("Davis") brings this action individually and on behalf of all current and former Delivery Drivers (hereinafter "Plaintiff and the Putative Class Members" or "Plaintiff and the FLSA Collective Members") who worked for Pasa Parcel, LLC and Patrick Boone (collectively "Defendants" or "Pasa Parcel") from three years preceding the filing of the Original Complaint through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. §216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### I.
### OVERVIEW

1. This is a collective action to recover overtime wages, liquidated damages and all other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.*

2. Plaintiff and the Putative Class Members are those current and former Delivery Drivers who worked for Defendants, anywhere in the United States, at any time from April 22, 2019, through the final disposition of this matter.

3. Although Plaintiff and the Putative Class Members were to be paid on regular bi-weekly pay periods, Defendants failed to pay them their wages on time and as required by the FLSA.

4. The decision by Defendants not to pay Plaintiff and the Putative Class Members on time was neither reasonable nor in good faith.

5. Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members all of their owed wages on time.

6. Plaintiff and the Putative Class Members therefore seek to recover all unpaid compensation and liquidated damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

7. Plaintiff prays that all similarly situated Delivery Drivers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

8. Defendants also illegally retaliated against Plaintiff Davis by terminating his employment after he asserted his rights under the FLSA.

## II.
## THE PARTIES

9. Plaintiff Steven Davis ("Davis") worked for Pasa Parcel within the relevant time period. Plaintiff Davis did not receive all of his owed wages on his regularly scheduled payday.[1]

---

[1] The written consent of Steven Davis is hereby attached as Exhibit A.

10. The Putative Class Members include those current and former Delivery Drivers who worked for Defendants, anywhere in the United States, at any time since April 22, 2019, and have been subjected to the same illegal pay system under which Plaintiff Davis worked and was paid.

11. Pasa Parcel, LLC ("Pasa Parcel") is a domestic limited liability company, licensed to and doing business in the State of Texas, and may be served through its registered agent for service, **Patrick Boone, 17339 Redland Road, San Antonio, Texas 788247.**

12. Patrick Boone ("Boone") is the managing member of Defendant Pasa Parcel, LLC. Defendants Boone is an employer as defined by 29 U.S.C. § 203(d). Along with Pasa Parcel, LLC, Defendant Boone employed and/or jointly employed Plaintiff Davis and the Putative Class Members. Defendant Boone may be served with service of process at: **17339 Redland Road, San Antonio, Texas 788247, or wherever he may be found.**

13. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They had common ownership, oversight and control over Plaintiff Davis and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### III.
### JURISDICTION & VENUE

14. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

15. This Court has specific personal jurisdiction over Pasa Parcel because the cause of action arose within this District as a direct result of Pasa Parcel's conduct within this District.

16. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

17. Specifically, Plaintiff Davis worked in and around Corpus Christi, Texas throughout his employment with Defendants, which is located within this District and Division.

18. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

19. On information and belief, Defendants operate as a delivery service that is contracted with Amazon to deliver products ordered from Amazon to the end purchaser.

20. As part of their services, Defendants employed numerous Delivery Drivers—Plaintiff and the Putative Class Members—to help deliver these products.

21. Defendants paid their Delivery Drivers by the hour.

22. Plaintiff Davis worked for Defendants as a Delivery Driver in Corpus Christi, Texas from December 2021 until February 2022.

23. Plaintiff and the Putative Class Members' primary job duties included driving Defendants' trucks and delivering products purchased from Amazon to their owners.

### Defendants are Joint Employers

24. Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

25. Defendants directly or indirectly hired Plaintiff and the Putative Class Members.

26. Defendants controlled Plaintiff and the Putative Class Members' work schedules and conditions of employment.

27. Defendants determined Plaintiff and the Putative Class Members' rate and method of payment of wages.

28. Defendants maintained control, oversight, and direction over Plaintiff and the Putative Class Members, including the promulgation and enforcement of policies affecting the payment of wages.

29. Defendants mutually benefitted from the work performed by Plaintiff and the Putative Class Members.

30. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and the Putative Class Members.

31. Defendants shared the services of Plaintiff and the Putative Class Members.

32. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and the Putative Class Members.

33. Specifically, Defendants dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of the respective Defendants and/or their clients.

34. Specifically, Defendant Boone would directly manage Plaintiff and the Putative Class Members, telling them what he wanted done and when.

35. Defendants had the power to hire and fire Plaintiff and the Putative Class Members.

36. Specifically, Defendant Boone hired and fired Plaintiff Davis.

37. Defendants maintained Plaintiff and the Putative Class Members' employment records.

38. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, with respect to the entire employment for the workweeks at issue in this case.

**Failure to Pay Wages Each Payday**

39. Plaintiff and the Putative Class Members' regularly scheduled payday was every other Friday.

40. The FLSA requires that wages be paid on their regularly scheduled payday.

41. When wages are not paid on time, the employee is owed liquidated damages. *See Martin v. United States*, 130 Fed. Cl. 578, 583 (2017) (stating the FLSA was violated when the Government did

not pay its employees on time) (citing to *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) and 29 C.F.R. § 778.106).

42. Defendants failed to pay Plaintiff and the Putative Class Members on their regularly scheduled payday.

43. Defendants instead paid them several days after their regularly scheduled payday and without any valid or legal reason.

44. Defendants denied Plaintiff and the Putative Class Members their wages on their regularly scheduled payday as a result of a widely applicable, illegal pay practice.

45. Defendants applied this pay practice despite clear and controlling law that states that Plaintiff and the Putative Class Members were to their wages on their regularly scheduled payday.

46. Accordingly, Defendants' pay policies and practices blatantly violated (and continue to violate) the FLSA.

**Illegal Retaliation**

47. After Defendants failed to pay Plaintiff and the Putative Class Members their wages on their regularly scheduled payday, several Putative Class Members complained to Defendants and to Plaintiff Davis.

48. Plaintiff Davis took his coworkers concerns to Defendants but was told not to bring it up again and that he and the other Putative Class Members would be paid when they get paid.

49. After his discussion with Defendants, Plaintiff Davis complained of not receiving his pay to his fellow Putative Class Members over the app known as "Slack."

50. The Slack app was used by all Delivery Drivers who worked for Defendants to communicate with Defendants and other Delivery Drivers about their deliveries.

51. After reading Plaintiff Davis's messages on Slack, Defendant Boone contacted Plaintiff Davis and yelled at him for not supporting Defendants by complaining about his missing wages.

52. After being yelled at by Defendant Boone, Plaintiff Davis received an email from Defendants informing him that his employment was being terminated for insubordination.

53. Once an employee engages in a protected activity, such as inquiring about missing wages, the employer may not discharge or in any other manner discriminate against that employee. *See* 29 U.S.C. § 215(a); *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 623 (5th Cir. 2008)

# V.
# CAUSE OF ACTION

**A.  FLSA COVERAGE**

54. All previous paragraphs are incorporated as though fully set forth herein.

55. The FLSA Collective is defined as:

**ALL DELIVERY DRIVERS WHO WORKED FOR PASA PARCEL, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM APRIL 22, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

56. At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

57. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

58. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods

or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

59. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

60. In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

61. Specifically, Plaintiff and the FLSA Collective Members are (or were) **_non-exempt_** employees who worked for Defendants and were engaged in commercial services that were directly essential to the providing of goods and services by Defendants to its customers. 29 U.S.C. § 203(j).

62. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

63. In violating the FLSA, Defendants acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

64. The proposed collective of similarly situated employees – that is, the FLSA Collective Members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 55.

65. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

66. All previous paragraphs are incorporated as though fully set forth herein.

67. Defendants violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA and failing to pay them their wages on their regularly scheduled payday.

68. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff and the FLSA Collective Members would be able to precisely calculate damages.

69. Moreover, Defendants knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees their wages on their regularly scheduled payday. 29 U.S.C. § 255(a).

70. Defendants knew or should have known their pay practices were in violation of the FLSA.

71. Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

72. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendants to pay them in accordance with the law.

73. The decision and practice by Defendants to not pay them their wages on their regularly scheduled payday was neither reasonable nor in good faith.

74. Accordingly, Plaintiff and the Putative Class Members are entitled to any unpaid wages, liquidated damages, attorneys' fees and costs.

## C. FLSA COLLECTIVE ACTION ALLEGATIONS

75. All previous paragraphs are incorporated as though fully set forth herein.

76. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

77. Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

78. The FLSA Collective Members are defined in Paragraph 55.

79. Defendants' failure to pay Plaintiff and the FLSA Collective Members on their regularly scheduled payday results from generally applicable policies and practices and does not depend on the personal circumstances of the individual FLSA Collective Members.

80. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

81. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

82. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated on their regularly scheduled payday.

83. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

84. Defendants have employed a substantial number of similarly situated Delivery Drivers since April 22, 2019.

85. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of their rampant violations.

86. Moreover, individual litigation would be unduly burdensome to the judicial system.

87. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

88. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 55 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

89. Plaintiff respectfully prays for judgment against Defendants as follows:

    a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 55 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative FLSA Collective Members;

    b. For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    d. For an Order awarding the costs and expenses of this action;

    e. For an Order awarding attorneys' fees;

    f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    g. For an Order awarding Plaintiff Davis a service award as permitted by law;

    h. For an Order compelling the accounting of the books and records of Defendants, at Defendants' own expense;

i. For an Order providing for injunctive relief prohibiting Defendants from engaging in future violations of the FLSA, and requiring Defendants to comply with such laws going forward; and

j. For an Order granting such other and further relief as may be necessary and appropriate.

Date: April 22, 2022

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Counsel for Plaintiff and the Putative Class Members*